256 So.2d 1 (1971)
Bess C. BOYD, Appellant,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, Appellee.
No. 41117.
Supreme Court of Florida.
November 24, 1971.
Rehearing Denied January 17, 1972.
*2 Samuel Z. Goldman of Hastings, Elias & Goldman, Miami, for appellant.
Carey, Dwyer, Austin, Cole & Selwood, P.A., Miami, for appellee.
McCAIN, Justice.
Pursuant to Rule 4.61, F.A.R., 32 F.S.A., the instant case is presented to us on certificate from the United States Court of Appeals, Fifth Circuit, 443 F.2d 848 (1971), in an appeal from a decision of the U.S. District Court, Southern District of Florida, reported at 313 F. Supp. 579 (1970), denying insurance coverage in a garnishment proceeding against respondent.
The facts in the case are stipulated. Appellant Boyd sustained personal injuries when struck by an automobile owned by appellee Amelia Bowman (hereinafter referred to as "Wife") and operated by her husband, Charles Bowman ("Husband"). Wife and Husband each owned their own cars and carried separate insurance policies. At the time of the accident, both cars owned by the Bowmans were operable, but the couple had decided to drive wife's car to Florida for a vacation.
Wife's insurer defended Husband and Wife in the resulting lawsuit in the Dade County Circuit Court. Husband's insurer, appellee U.S.F. & G., denied coverage and liability and did not participate in the action. The suit was settled by entry of final judgment in favor of Boyd against Husband and Wife in the amount of $50,000. Wife's insurer paid $10,000 (the extent of its policy limits) towards satisfaction of the judgment. Husband and Wife personally paid Boyd $1,500. This left a partially unsatisfied judgment in the amount of $38,500.
Thereupon, Boyd brought garnishment proceedings in the U.S. District Court, Southern District of Florida against U.S.F. & G. for the remaining portion of the judgment. That Court concluded that Boyd's injuries were not covered by Husband's policy. Boyd appealed to the U.S. Court of Appeals, Fifth Circuit, and the problem has been certified here.
In pertinent part, Husband's insurance policy with U.S.F. & G. provides:
"PART I  LIABILITY
"Coverage A  Bodily Injury Liability;
"Coverage B  Property Damage Liability
"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
"A. bodily injury * * * sustained by any person;
* * * * * *
arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile * * *.
* * * * * *
"Persons Insured
The following are Insureds under Part I:
(a) with respect to the owned automobile,
(1) the Named Insured and any resident of the same household,

*3 (2) any other person using such automobile with the permission of the Named Insured. * * *
* * * * * *
(b) with respect to a non-owned automobile,
(1) the Named Insured,
(2) any relative * * *, provided his actual operation * * * is with the permission * * * of the owner.
* * * * * *
"Definitions
Under Part I:
`Named Insured' means the individual named in Item 1 of the declarations and also includes his spouse, if a resident of the same household;
`Insured' means a person * * * described under `Persons Insured';
`relative' means a relative of the Named Insured who is a resident of the same household;
`owned automobile' means
(a) a private passenger * * * automobile described in this policy for which a specific premium charge indicates that coverage is afforded.
* * * * * *
(c) a private passenger * * * automobile ownership of which is acquired by the Named Insured during the policy period, provided
(1) it replaces an owned automobile as defined in (a) above, or
(2) the Company insures all private passenger * * * automobiles owned by the Named Insured on the date of such acquisition and the Named Insured notifies the Company during the policy period or within 30 days after the date of such acquisition of his election to make this and no other policy issued by the Company applicable to such automobile, or
* * * * * *
(d) a temporary substitute automobile; `temporary substitute automobile' means any automobile or trailer, not owned by the Named Insured, while temporarily used with the permission of the owner as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;
`non-owned automobile' means an automobile or trailer, not owned by or furnished for the regular use of either the Named Insured or any relative, other than a temporary substitute automobile."
The issue in the case, as framed by the certifying court, is as follows:
"Whether, under the law of Florida, the subject family automobile insurance policy provides or excludes liability coverage for the specifically named insured husband while he is operating an unscheduled automobile owned by his resident-in-household spouse and insured by another carrier for a lesser amount."
We turn first to a consideration of the insurance contract itself. It is apparent from a reading of the quoted portions of the policy that in order for liability coverage to obtain, the accident must have arisen "out of the ownership, maintenance or use of the owned automobile or any non-owned automobile * * *" (Emphasis added)
An "owned automobile" is defined under Part I of the policy as an "automobile described in this policy for which a specific premium charge indicates that coverage is afforded." The only automobile meeting these criteria is Husband's automobile, which is described in the policy and on which premiums were paid. Thus, Wife's automobile cannot be an "owned automobile" under Husband's policy.
*4 Is Wife's car a "non-owned automobile"? We think not. Part I of the policy provides that the term "non-owned automobile" means "an automobile or trailer, not owned by or furnished for the regular use of either the Named Insured or any relative, other than a temporary substitute automobile." "Named Insured" is defined for purposes of Part I as "the individual named in Item 1 of the declarations [Husband] and also includes his spouse, if a resident of the same household; "[Wife was a resident of the same household]. Therefore, Wife as well as Husband is a Named Insured under the policy. Since the automobile in question was owned at the time of the accident by a Named Insured, it cannot qualify as a non-owned automobile within the policy definition. Nor can Wife's car qualify as a temporary substitute automobile since Husband's car was in good working order at all times during the period the couple was using Wife's car. Accordingly, the contract does not provide Husband liability coverage in the stipulated fact situation. Moreover, because the contract is unambiguous, it does not require construction as such and the rule that insurance contracts shall be strictly construed against the insurer cannot and does not apply. See for example, Coleman v. Atlantic National Insurance Company, 166 So.2d 620 (Fla.App.3rd, 1964) and Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Company v. Traister, 173 So.2d 153 (Fla.App.2d, 1965).
The position we take here is not a novel one. Although the question is one of first impression in Florida, the same issue has been considered in Farber v. Great American Insurance Company, 406 F.2d 1228 (7 Cir.1969). In that case, the specifically named insured under a policy virtually identical in all material respects to that in the case at bar, was involved in an accident while operating a vehicle furnished for the regular use of his spouse, a resident of the household. The Court of Appeals concluded that the named insured husband was not covered under the policy while driving his wife's automobile. Inter alia, the Court said:
"We fully agree with the authorities cited by appellants for the proposition that an insurance policy is to be construed liberally as against the insured and strictly as against the company which drafted it, but we find no ambiguity in the instant policy which is capable of any construction but that which excludes coverage of Mr. Farber while he was driving the Chevrolet. From the language of the contract, it appears that the parties intended that no insurance coverage existed for accidents involving vehicles which were regularly used by the insured and his wife. The insurance company, in its brief, states the reasonable purpose for such intention:
`In effect, the terms of the policy prevent the insured from purchasing an insurance contract to cover the risk of operating one vehicle, and obtaining coverage on another vehicle that is regularly used in the household. This is a valid and understandable insurance provision. 13 Couch on Insurance 2d § 45: 1052, p. (1965).'
* * * * * *
"Perhaps the most appealing argument advanced by the appellants for finding coverage under the Dodge policy is contained in the following sentence from their brief: `It is incongruous to say that Henry Farber could drive almost any automobile in the world with the owner's permission and have insurance coverage, but could not drive his wife's car and be insured.' Again, we must direct appellants' attention to the clear language of the contract which governs the disposition of this case. We cannot find ambiguity where none exists in order to reach a result which, albeit fair, is different from that prescribed by the contract. We therefore hold that the Dodge policy did not cover Mr. Farber while driving the Chevrolet automobile."
*5 The rationale behind inclusion of a "drive other cars" or "non-owned automobile" provision in an automobile insurance policy is summed up succinctly in Couch on Insurance:
"Consideration of purpose of `drive other cars' provision. The purpose of the `drive other cars' provision in an automobile liability policy is to cover occasional or incidental use of other cars without a corresponding increase in the premium. The policy is not intended to cover the insured against personal liability with respect to his use of another automobile which he frequently uses or has the opportunity to use. More specifically, the evident intention of the limitation with respect to other automobiles is to prevent a situation in which the members of one family or household may have two or more automobiles actually or potentially used interchangeably but with only one particular automobile insured." 13 Couch on Insurance 2d § 45:1052, p. 68 (1965).
Accordingly, this Court is of the opinion that the policy excludes liability in the stipulated fact situation and the certified question is so answered.
ROBERTS, C.J., and ERVIN, CARLTON, ADKINS, BOYD and DEKLE, JJ., concur.