CARROLL, DONALD K., Acting Chief Judge.
The plaintiffs in an action seeking damages and declaratory relief have appealed from a final judgment and order entered by the Circuit Court for Escambia County.
The sole question presented for our determination in this appeal is whether the coverage afforded by two liability insurance policies issued by the defendant insur *508 er (one policy covering an automobile owned by the defendant wife and the second policy covering an automobile owned by the defendant husband) is available to respond to the final judgment recovered by the plaintiffs, or is only one of the said policies available to respond ?
The undisputed factual situation shown in this record giving rise to the above question is substantially as follows:
The individual defendants, David and Carol LaVioIette, became married to each other in 1968. Prior thereto Carol was the sole owner of a 1965 Buick automobile and remained the sole owner at all times relevant hereto, and David at all times relevant hereto was the sole owner of a 1968 Mercury automobile.
On May 30, 1968, the defendant insurer issued its policy covering the said Mercury automobile, and on January 8, 1969, the insurer issued the second policy, which covered the Buick automobile.
The plaintiffs allege in their second amended complaint that on or about April 3, 1969, the defendant Carol LaVioIette was the owner of a motor vehicle being operated by the defendant David La-VioIette in an easterly direction upon a certain avenue in Escambia County, at which time and place he negligently operated the said vehicle into the minor plaintiff, who was operating a bicycle in the same direction upon the said avenue, as a proximate result of which the minor plaintiff was permanently injured, etc., and the plaintiff mother incurred certain medical expenses and was and will be deprived of her son’s love, companionship, and services, etc.
The parties entered into a stipulation for the purpose of securing a judicial determination of “whether one insurance policy or two insurance policies are available to satisfy a final judgment on behalf of the plaintiffs.” In that stipulation all parties agreed that the plaintiffs would accept $20,000 if it is ultimately determined that both policies are available but that the plaintiffs would accept $10,000 if only one policy is ultimately determined to be available.
Upon the basis of the foregoing stipulation, the court entered the final judgment appealed from herein, adjudging that the plaintiffs recover from the defendants the sum of $20,000, plus costs, and confirming an earlier order that only one insurance policy of the defendant insurer is “available to pay any judgment entered herein. . . ."
In each of the said two insurance policies on the declarations page the defendant David F. LaVioIette is named as the insured. The maximum coverage in each policy is $10,000.
Each of the two policies contains the following provisions, pertinent to our present consideration of the above question before us in this appeal: (1) As to liability coverage for bodily injury “To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: A. Bodily injury . . . sustained by any person . . . arising out of the ownership, maintenance or use of the owned automobile or any nonowned automobile. . ” (2) As to definitions under Part I, “named insured” means “the individual named in Item 1 of the declarations and also includes his spouse, if a resident of the same household. . ” “Owned automobile” means “(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded . . . (d) a temporary substitute automobile . . . . ” “Temporary substitute automobile” means “any automobile or trailer, not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile or trailer when withdrawn from normal use because .of its breakdown, repair, servicing, loss or destruction. . . . ” “Non-owned auto *509 mobile” means “an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile.” As to financial responsibility laws:
“Financial Responsibility Lazos. When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. . . ."
As to “limits of liability”:
“Limits of Liability. The limit of bodily injury liability stated in the declarations as applicable to ‘each person’ is the limit of the company’s liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence; the limit of such liability stated in the declarations as applicable to ‘each occurrence’ is, subject to the above provisions respecting each person, the total limit of the company’s liability for all such damages arising out of bodily injury sustained by two or more persons as the result of any one occurrence. . . . ”
Under the heading of “other insurance”:
“Other Insurance. If the insured has other insurance against a loss covered by Part I of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance.”
In our opinion, the foregoing provisions in each of the two policies are clear and unambiguous with regard to the liability of each policy to pay the damages up to and including the limit of $10,000. The only remaining question is whether both policies are available to respond to the judgment appealed from in the total amount of $20,000. We think they are, upon the following reasoning:
With respect to the precise question before us, this seems to be a case of first impression in this state.
The resolution of this judicial problem rests upon the recognition of the basic fact that this is an action ex contractu — that is, the rights of the parties are determined from an examination of the terms of the two contracts involved (the two insurance policies or contracts).
There can be no doubt that each policy, separately considered, provided $10,000 liability coverage under the facts of this case.
Each of these policies contains a specific provision, relating to “other insurance,” quoted above, which clearly contemplates that there may be other insurance, with only the limitation that “the company shall not be liable under this policy for a greater proportion of loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss. . . . ” There is no question regarding the “greater proportion” here for the amount of coverage chargeable to each policy would be equal, to-wit: $10,000.
In addition to the above reasoning, considerations of the practical reality and the precepts of justice dictate that we reverse the judgment and order appealed from. For instance, the insurer charged the insured and accepted from him premiums for the coverage under each of the two poli *510 cies, and it seems patently unfair for the insurer, when an event occurs that triggers the insurer’s liability under both policies issued by it, to claim it was liable under only one of the policies.
While the parties hereto refer us to no Florida decision directly passing upon the precise question before us in this appeal, our independent research has revealed that the defendant-insurer herein has unsuccessfully made a similar contention in at least one other jurisdiction: Nevada. In United Services Automobile Association v. Dokter, 86 Nev. 917, 478 P.2d 583 (1970), an insured brought a declaratory judgment action to recover under the uninsured motorist provisions of his two automobile liability policies issued by the same insurer. The Nevada Supreme Court concluded :
“The insured does not receive a windfall since he paid two separate premiums for the indemnity of two separate policies. Sturdy v. Allied Mutual Ins. Co., 203 Kan. 783, 457 P.2d 34 (1969). We hold that where the insurer issues two automobile policies containing uninsured motorist coverage, the extent of coverage is the combined total amount of such policies, and actual damages sustained by the insured are recoverable to the full extent of the combined limits of both policies.”
To the same effect see Woolston v. State Farm Mutual Ins. Co., 306 F.Supp. 738 (W.D.Ark.1969).
The defendants contend in this appeal that the “other insurance” clause of the two policies is ambiguous. We do not agree, but if that contention were correct, we would have to invoke the rule firmly established in this and other jurisdictions, that any ambiguity in insurance policy provisions which limit coverage and which are drafted by the insurer, must be construed most strongly against the insurer.
For the foregoing reasons, the judgment and order appealed from herein must be, and they are, reversed and the cause is remanded with directions to enter a final judgment for the plaintiffs in the amount of |20,000.
Reversed and remanded with directions.
RAWLS and JOHNSON, JJ., concur.