278 So.2d 598 (1973)
David F. LaVIOLETTE et al., Petitioners,
v.
Arletha C. SAPP, Individually and As Natural Mother and Next Friend of Michael Joe Sapp, a Minor, Respondent.
No. 42278.
Supreme Court of Florida.
May 30, 1973.
*599 Richard M. Gale, of Sherouse & Virgin, Miami, and Fisher, Hepner & Hertz, Pensacola, for petitioners.
Joseph Q. Tarbuck, Pensacola, for respondent.
DEKLE, Justice.
This cause involves a conflict certiorari review of the decision rendered by the First District Court of Appeal and reported at 258 So.2d 507. We granted certiorari[1] without oral argument[2] in order to resolve a decisional conflict with Boyd v. United States Fidelity and Guaranty Co., 256 So.2d 1 (Fla. 1971), relating to coverage under an automobile liability policy.
Upon examining the briefs and record in this cause, we found that the controlling facts and insurance policies in Boyd are quite similar to the key circumstances and policies of insurance before us in this matter. These controlling similarities are as follows: Husband and wife owned their own automobiles and carried separate and distinct insurance policies.[3] The husband, while driving the wife's car, caused an accident resulting in injuries to a third party. It was agreed that at least one policy covered the loss. But, the parties contested the applicability of both policies to this factual situation.[4]
It is our judgment that the wife's policy does apply because her car was involved in the accident. So, the sole issue in Boyd and the present case is whether the husband's insurance policy on his own automobile applies while he is driving a car independently owned by his wife and insured under a separate and distinct policy.
In Boyd, we carefully analyzed the husband's insurance policy and concluded that inasmuch as the wife's car was not an "owned automobile" or a "non-owned automobile" under the provisions and definitions in his policy, it would not cover him while driving his wife's car. In contrast, the First District in the instant case used "other insurance" clauses in both policies as a basis for its decision holding that the husband's policy did provide coverage in these circumstances. This "other insurance" provision states:
"OTHER INSURANCE. If the insured has other insurance against a loss covered by Part I of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."
The district court in applying this "other insurance" provision said it "clearly contemplates *600 that there may be other insurance" and "the practical reality and the precepts of justice dictates" coverages under the husband's policy. We do not agree with this rationale; we prefer our reasoning in Boyd where we interpreted standard policy provisions regarding "owned" and "nonowned" automobiles, relied on Farber v. Great American Ins. Co., 406 F.2d 1228 (7th Cir.1969), and quoted the following passage from Couch on Insurance: (p. 5 of 256 So.2d)
"`Consideration of purpose of "drive other cars" provision. The purpose of the "drive other cars" provision in an automobile liability policy is to cover occasional or incidental use of other cars without a corresponding increase in the premium. The policy is not intended to cover the insured against personal liability with respect to his use of another automobile which he frequently uses or has the opportunity to use. More specifically, the evident intention of the limitation with respect to other automobiles is to prevent a situation in which the members of one family or household may have two or more automobiles actually or potentially used interchangeably but with only one particular automobile insured.' 13 Couch on Insurance 2d § 45:1052, p. 68 (1965)." (Emphasis added.)
The district's opinion turning on the "other insurance" provision and expressing a different viewpoint is not convincing. The clause regarding "other insurance" has an inherent prerequisite. Initially, it must be determined whether the other insurance actually covers the situation involved. If the other insurance does not provide coverage under the circumstances, it will not and cannot become operable. Herein we have decided, based upon our unanimous decision in Boyd, that the husband's policy does not cover him while driving an automobile owned solely by his wife and insured by a separate policy. Therefore, the husband's policy not being relevant here, the "other insurance" provision has no bearing on the outcome of this cause.
Accordingly, the decision of the district court is quashed on the authority of Boyd v. United States Fidelity and Guaranty Co., supra, and the cause remanded with instructions to reinstate the trial court's final judgment and the separate order limiting coverage to the wife's policy.
It is so ordered.
CARLTON, C.J., and ROBERTS and ADKINS, JJ., concur.
ERVIN, J., dissents.
NOTES
[1] Fla. Const. art. V, § 3(b) (3) (1973), F.S.A.
[2] F.A.R. 3.10(e), 32 F.S.A.
[3] There is a slight difference concerning insurance carriers which is not crucial nor significant. The Boyd automobiles were insured by different companies and the Sapp vehicles were covered by the same carrier.
[4] No argument has been advanced contending that the wife's car is a temporary substitute vehicle or that it was not furnished for the husband's regular use. Therefore, we must assume for purposes of this litigation that the wife's car, as in Boyd, was not a temporary substitute vehicle and was furnished for the husband's regular use.