474 So.2d 1264 (1985)
DIXIE INSURANCE COMPANY, Appellant,
v.
Paul E. BEAUDETTE, et al., Appellees.
No. 84-1636.
District Court of Appeal of Florida, Fifth District.
September 5, 1985.
Michael A. Miller and Harry H. Morall, II of Walker, Buckmaster, Miller & Ketcham, P.A., Orlando, for appellant.
Michael A. Estes and Michael J. Roper of Woolfolk & Estes, P.A., Orlando, for appellees.
*1265 SHARP, Judge.
Dixie Insurance Company (Dixie) challenges a trial court's order finding that an insurance policy issued by Dixie to appellee (Madden) provided coverage for an automobile accident in which she was involved. We grant review and quash the order.[1]
The facts are not in dispute. Heather Madden obtained an insurance policy with Dixie covering her automobile for the period of March 29, 1980 to March 29, 1981. On May 30, 1980, she married Paul Beaudette. On June 20, 1980, she was involved in an accident. At the time of the accident, Madden was driving a car titled solely in Beaudette's name which had been owned by him for nine and one-half years.
Madden sought coverage from Dixie,[2] claiming that Beaudette's automobile was a "covered auto" within the meaning of the policy. It defined "covered auto" as
any auto or trailer you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its breakdown, repair, servicing, loss or destruction. (Emphasis supplied).
It also defined "covered auto" as "any vehicle shown in the Declarations," and it is clear that the only vehicle shown in the declarations was the one owned by Madden.
The trial court found that Madden's car was "out of normal use because of its breakdown and or [sic] unreliable operative condition." There is substantial evidence supporting the trial court's finding and we do not disturb it on appeal. However, that finding is not determinative of this case.
The policy defined "you" and "your" as referring "to the `named insured' shown in the Declarations and the spouse, if a resident of the same household." Therefore, Beaudette was encompassed within the meaning of "you" in the policy clause. The temporary or substitute vehicle clause clearly excluded coverage under this policy for an accident occurring while the insured or a spouse drove an automobile owned by either of them, which was not shown on the declaration page.
The essential concern of the law of contract is to give effect to the intentions of the parties. United States Fidelity & Guaranty Company v. Rood Investments, Inc., 410 So.2d 1373 (Fla. 5th DCA 1982). When the language of an insurance policy is clear and unambiguous it must be accorded its natural meaning. Sanz v. Reserve Insurance Company of Chicago, Illinois, 172 So.2d 912 (Fla. 3rd DCA 1965); Rood Investments, Inc.
The policy provisions in this case are not ambiguous and they must be given full effect. There was coverage for a "covered auto" or one not owned by the insured, while being used as a temporary substitute. The automobile Madden was driving at the time of the accident was not covered because it was neither a vehicle shown in the declarations nor did it qualify as a temporary substitute vehicle since it was owned by the insured's spouse. Therefore, Dixie's policy did not provide coverage in the instant case. See Boyd v. United States Fidelity & Guaranty Company, 256 So.2d 1 (Fla. 1971); Fidelity and Casualty Company of New York v. Fonseca, 358 So.2d 569 (Fla. 3rd DCA), cert. denied, 365 So.2d 711 (Fla. 1978).[3]
REVIEW GRANTED; ORDER QUASHED.
DAUKSCH, J., and BOARDMAN, E.F., Associate Judge, concur.
NOTES
[1] Orders determining insurance policy coverage are non-appealable, non-final orders. Travelers Ins. Co. v. Bruns, 443 So.2d 959 (Fla. 1984); Fla. R.App.P. 9.130. However, we choose to treat this as a petition for writ of certiorari pursuant to Florida Rule of Appellate Procedure 9.040(c). See Sunshine Dodge, Inc. v. Ketchem, 445 So.2d 395 (Fla. 5th DCA 1984).
[2] Beaudette's automobile was not insured.
[3] The two cases relied on by Madden, Newbern Distrib. Co. v. Canal Ins. Co., 124 So.2d 721 (Fla. 2d DCA 1960) and Home Indem. Co. v. Alday, 213 So.2d 13 (Fla. 1st DCA 1968), do not address the same issue raised in this case.