PER CURIAM.
Appellant’s vehicle was insured by Nationwide. Appellant’s wife’s vehicle was insured by appellee. During the course of his employment, appellant was injured while driving his vehicle; he collected all of the PIP benefits available under the Nationwide policy.
Appellant then submitted medical bills which were not covered under the Nationwide policy to appellee, which declined to pay the medical bills based on two exclusions in the policy in question, one of which is dispositive. The trial court granted ap-pellee’s motion for summary judgment and entered summary final judgment. We affirm for a reason perceived by the reviewing panel not precisely addressed by the parties. Stated another way, we have extended the insurer’s argument to a point not reached by it in its brief.
The controlling issue is whether the Arni-ca policy covers the portion of appellant’s medical bills not covered by his insurance. Appellant contends that section 627.-736(4)(f), Florida Statutes (1985), does not allow an insurer to limit the scope of its medical coverage except as permitted by that section; argues that none of the statutory exceptions apply to him, and concludes that, as a result, the trial court erred by finding' he was not entitled to medical payments provided for in appellee’s policy. The trial court disagreed, as do we. The exclusion in this case was valid.
Section 627.736(4), Florida Statutes (1985), reads in relevant part:
BENEFITS; WHEN DUE.—
[[Image here]]
(f) Medical payments insurance, if available in a policy of motor vehicle insurance, shall pay the portion of any claim for personal injury protection medical benefits which is otherwise covered but is not payable due to the coinsurance provision of paragraph (l)(a), regardless of whether the full amount of personal injury protection coverage has been exhausted.
(Emphasis added).
The Arnica policy includes two types of medical benefits: pursuant to section 627.-733, Florida Statutes (1985), the primary and mandatory personal injury protection benefits, commonly referred to as no-fault coverage, and the optional medical payments insurance. Moylan v. State Farm Mutual Ins. Co., 343 So.2d 56 (Fla. 4th DCA 1977) (personal injury protection benefits are primary and statutorily required; medical payments coverage is optional and not required by law).
Exclusion number 5 under Part B, Medical Payments Coverage, of the policy in question specifically excludes medical payments coverage for any person for bodily injury sustained while occupying any vehicle owned by the named insured or his or her spouse residing at the same address, but which vehicle is not listed in the declarations as a covered auto; or any vehicle furnished to the insureds for their regular use but not listed in the declarations as a covered auto. Appellant is the resident spouse of the named insured; he was driving a vehicle owned by him but not listed as a covered auto in the declarations of the policy. Therefore the exclusion applies. As the law does not require medical payments coverage in this situation, we perceive no legitimate basis to invalidate the express language of the parties’ insurance contract.
GLICKSTEIN and DELL, JJ., and MICHAEL H. SALMON, Associate Judge, concur.