[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15551
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-00349-MSS-MAP

SHERYL LOPEZ, as assignee of Timothy Montoya,

Plaintiff-Appellant,

versus

GEICO GENERAL INSURANCE COMPANY, a foreign corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 23, 2018)

Before ED CARNES, Chief Judge, NEWSOM, and SILER,[*] Circuit Judges.

PER CURIAM:

---

[*] Honorable Eugene E. Siler, Jr., United States Court of Appeals Judge for the Sixth Circuit, sitting by designation.

Sheryl Lopez sued Timothy Montoya for negligence after the car Montoya was driving, which belonged to his girlfriend, hit Lopez's car. Montoya assigned to Lopez the rights to any proceeds recoverable under his GEICO General Insurance Company ("GEICO") policy. Lopez filed suit against GEICO, seeking coverage for the collision. The district court ruled that the policy barred coverage and granted summary judgment for GEICO. This is Lopez's appeal from the grant of summary judgment to GEICO and the denial of summary judgment to her.

## I.

This case stems from a car wreck that happened on April 22, 2014. For several years prior to the wreck, Montoya and his girlfriend, Alexandra Medina, resided together but were unmarried. Montoya owned a Volkswagen Passat and had an auto insurance policy with GEICO (the "Policy"). In 2012, Montoya added Medina and her Suzuki Vitara to the Policy. Medina was the sole owner of the Suzuki. In 2013, Montoya and Medina bought a Chevy Impala and added it to the Policy. They eventually dropped the Suzuki from the Policy. Medina planned to keep the Suzuki in the driveway until her son was old enough to drive. She permitted Montoya to drive the Suzuki when his Passat was inoperable.

On April 19, 2014, Montoya noticed mechanical problems with his Passat and had it towed to a repair shop. Three days later, while his Passat was at the

2

shop,[1] Montoya got Medina's permission to drive the Suzuki to work. En route, Montoya rear-ended the car in front of him, which hit a third car. Lopez was injured in the wreck.

Lopez sued Montoya for negligence in Florida court. GEICO refused to defend or indemnify him because according to it, the "Suzuki was not a listed vehicle and does not meet the definition of non owned vehicle." Montoya agreed to the entry of a final judgment against him for $485,000 and assigned to Lopez his rights against GEICO. Lopez, as Montoya's assignee, filed suit against GEICO, seeking declaratory relief to determine the existence of insurance coverage and damages for breach of contract. The district court stayed the breach of contract claim pending resolution of the coverage claim. Both parties moved for summary judgment, and the district court granted GEICO's motion and entered final judgment against Lopez. This is her appeal.

## II.

We review <u>de novo</u> the district court's grant of summary judgment, considering all facts and inferences in the light most favorable to the non-movant. <u>Miller</u>, 564 F.3d at 1356. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[1] This fact is disputed, but because summary judgment was granted in favor of GEICO we view the evidence in the light most favorable to Lopez. See <u>Waters v. Miller</u>, 564 F.3d 1355, 1356 (11th Cir. 2009).

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).   We also review de novo the interpretation of an insurance contract. LaFarge Corp. v. Travelers Indem. Co., 118 F.3d 1511, 1515 (11th Cir. 1997).

Because this is a diversity case, we apply the substantive law of Florida, the forum state. Id. at 1515.  We follow the decisions of Florida's intermediate appellate courts unless we are convinced the Florida Supreme Court would decide otherwise. Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 775 (11th Cir. 2000).

### III.

This appeal turns on whether the Suzuki qualifies as a "temporary substitute auto" under the Policy.  The Policy provides:

> *Temporary substitute auto* means a *private passenger*, *farm* or *utility auto* or *trailer* not owned by *you* or *your relative*, temporarily used with the permission of the owner.  This vehicle must be used as a substitute for the *owned auto* or *trailer* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.

The Policy defines "you" as "the named insured shown in the declarations or his or her spouse if a resident of the same household."

We must decide whether "the named insured" refers only to Montoya or to Montoya and Medina.  If the phrase is singular, the Suzuki was not owned by "you," that is, Montoya, and can qualify as a "temporary substitute auto."  If it is

4

plural, however, the Suzuki was owned by "you," that is, Montoya or Medina, and cannot qualify. If "the named insured" is ambiguous, that is, reasonably susceptible to both a singular and plural interpretation, we must interpret that ambiguity "liberally in favor of the insured and strictly against the drafter." Auto-Owners Ins. Co. v. Anderson, 756 So. 2d 29, 34 (Fla. 2000). The district court found that "the named insured" is unambiguously plural.

We believe that the phrase "the named insured" can reasonably be interpreted to refer to a single person. The Policy uses the singular possessive pronouns "his or her" instead of the plural possessive "their" in defining "you" as "the named insured shown in the declarations or his or her spouse." (Emphasis added.) That suggests the antecedent to which those pronouns refer, "the named insured," is also singular. In addition, the term "the named insured" itself suggests the phrase is singular. Had the Policy meant to include both Montoya and Medina within the definition of "you," it could have substituted the word "any" for "the," specifying "any named insured." In several other provisions the policy uses the word "any" to signify multiple insureds.

At least one Florida appellate court decision supports interpreting "the named insured" as singular. See Mut. Fire, Marine & Inland Ins. Co. v. Fla. Testing & Eng. Co., 511 So. 2d 360, 362 (Fla. 5th DCA 1987). In that case, the

5

court annotated an insurance endorsement as follows (all alterations are in that

court's opinion):

> the liability afforded under this policy shall not apply to any claim . . . between <u>the named insured</u> [singular] and the County Commissioner [sic] of Flagler County as respects <u>the insured's</u> [singular] work performed on the Flagler County Courthouse. [Emphasis added].

<u>Id.</u>  In light of that decision and the Policy's plain language, the phrase "the named

insured" is ambiguous because it can reasonably be interpreted to refer to a single

person.  See <u>Anderson</u>, 756 So.2d at 34.  We construe that ambiguity in favor of

Lopez, the insured.  <u>Id.</u>  Applying a singular interpretation of "the named insured"

to the facts of this case, the Suzuki was not "owned by you" because Montoya —

the named insured with the insurance claim involving the collision — did not own

it.  The district court erred by ruling that the Suzuki was not a "temporary

substitute auto" on the basis that it was "owned by you."[2]

---

[2] GEICO resists the conclusion that the meaning of "you" is ambiguous by citing to the same trio of cases that the district court cited.  See <u>Boyd v. U.S. Fid. & Guar. Co.</u>, 256 So. 2d 1 (Fla. 1971); <u>Dixie Ins. Co. v. Beaudette</u>, 474 So. 2d 1264 (Fla. 5th DCA 1985); <u>Fid. & Cas. Co. of N.Y. v. Fonseca</u>, 358 So. 2d 569 (Fla. 3d DCA 1978).  Those cases involved provisions like the one in the Policy, but unlike this case, they involved situations where the putative insured was married to the named insured.  <u>Boyd</u>, 256 So. 2d at 2; <u>Beaudette</u>, 474 So. 2d at 1265; <u>Fonseca</u>, 358 So. 2d at 571.  By contrast, Montoya and Medina were unmarried.  If they were married, it wouldn't matter if "the named insured" referred singularly to Montoya because "the named insured" includes by definition a resident spouse.  But Montoya and Medina were unmarried, and as a result, this case presents a question unasked in <u>Boyd</u>, <u>Beaudette</u>, and <u>Fonseca</u>:  whether "the named insured" is singular.  As a result, those three cases do not control this one.  See <u>Winn-Dixie Stores, Inc. v. Dolgencorp, LLC</u>, 746 F.3d 1008, 1024 (11th Cir. 2014) (Florida law) ("Whether a decision is binding on another is dependent upon there being similar facts and legal issues.").

6

But that does not end the inquiry because the Suzuki must satisfy additional requirements to qualify as a "temporary substitute auto."  The district court did not reach those other requirements because it ruled that the Suzuki was not a "temporary substitute auto" because it was "owned by you."  Because we are overturning that ruling, we will reach the other requirements.  See Haynes v. McCalla Raymer, LLC, 793 F.3d 1246, 1249 (11th Cir. 2015) ("We may affirm the district court's ruling on any ground supported by the record.") (citation omitted).  One of those other requirements is that the Suzuki must have been used "as a substitute for the owned auto [the Passat] . . . when withdrawn from normal use because of breakdown, repair, servicing, loss or destruction."  There is a genuine issue of material fact as to whether the Passat was "withdrawn from normal use" on April 22, 2014, the day of the wreck involving the Suzuki.

The record contains a repair shop receipt showing that Montoya left his Passat for an estimate on April 19, 2014.  Another entry on that receipt indicates that Montoya authorized repairs on April 21.  The bottom of that receipt contains a section called "Completion Certificate," which states, "I acknowledge receipt of the vehicle and a copy of this Repair Order."  Directly beneath that statement appears an illegible signature or initials, and beside that appears the handwritten date "4/21/14" above a line that says "Delivery Date."  Montoya disputes that he signed or initialed that receipt and insists that he did not get his Passat until after he

7

had the wreck in the Suzuki on April 22.  His friend who drove him to retrieve the Passat from the repair shop testified that the repairs were completed only after the Suzuki collision.

Based on this record, a reasonable jury could rely on the repair shop receipt to find that Montoya received the Passat on April 21, or it could credit the testimony of Montoya and his friend that he did not receive it until after the Suzuki collision on April 22.  That is a genuine question of fact that will determine whether the Passat was "withdrawn from normal use" when the Suzuki wreck happened, which is a material issue that will decide the coverage question.  See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996).

We **REVERSE** the district court's grant of summary judgment to GEICO, **AFFIRM** its denial of summary judgment to Lopez, and **REMAND** for further proceedings consistent with this opinion.[3]

---

[3] Although this case was originally on the oral argument calendar, it was removed under 11th Circuit Rule 34-3(f).