# Third District Court of Appeal

## State of Florida

Opinion filed May 22, 2019.

_____

Nos. 3D18-208 & 3D18-629
Lower Tribunal No. 14-4053
_____

**GEICO Indemnity Company and GEICO General Insurance Company,**
Appellants,

vs.

**Ricardo Perez and Luz Perez, etc.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Shutts & Bowen LLP, and Suzanne Youmans Labrit, B.C.S. (Tampa) and Amy M. Wessel (Fort Lauderdale), for appellants.

The Powell Law Firm, P.A., and Brett C. Powell; Silverstein, Silverstein & Silverstein, P.A., for appellees.

Before FERNANDEZ, LINDSEY, and HENDON, JJ.

CONFESSION OF ERROR

HENDON, J.

As the appellees properly concede, the attorney's fees and costs judgments at issue in these consolidated appeals must be reversed. In GEICO Indemnity Co. v. Perez, 260 So. 3d 342 (Fla. 3d DCA 2018), this Court reversed the underlying final judgment as to uninsured/underinsured motorist coverage and remanded for a new trial. Therefore, the attorney's fees and costs judgments that were predicated on the reversed final judgment cannot stand. See City of Hollywood v. Witt, 939 So. 2d 315, 319 (Fla. 4th DCA 2006) (recognizing that "where an award of attorney's fees is dependent upon the judgment obtained, the reversal of the underlying judgment necessitates the reversal of the fee award"); Marty v. Bainter, 727 So. 2d 1124, 1125 (Fla. 1st DCA 1999) ("Once a final judgment is reversed and remanded by an appellate court, there can be no prevailing party for purposes of an award of prevailing party attorney's fees. Consequently, an award of attorney's fees and costs predicated on a reversed or vacated final judgment also must be reversed").

Reversed.