# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case Nos. 5D2024-1148
5D2024-2588
LT Case No. 2017-SC-004974

_____

STAR CASUALTY INSURANCE
COMPANY,

    Appellant,

    v.

JACKSONVILLE CHIROPRACTIC,
INC., a/a/o Marie St. Hilaire,

    Appellee.

_____

On appeal from the County Court for Duval County.
Michelle L. Kalil, Judge.

Michael A. Rosenberg and Amanda H. Wasserman, of Cole, Scott
& Kissane, P.A., Plantation, V. Ashley Paxton, of Paxton Appeals
& Trials, Fort Lauderdale, and Thomas Hunker, of Hunker
Paxton Appeals & Trials, Fort Lauderdale, for Appellant.

Chad A. Barr and Dalton Gray, of Law Office of Chad A. Barr,
P.A., Altamonte Springs, and Robert Morris, Pamela Rakow-
Smith, and Crystal Eiffert, of Eiffert & Associates, P.A., Orlando,
for Appellee.

March 27, 2026

SOUD, J.

Appellant Star Casualty Insurance Company appeals the trial court's denial of its motion for summary judgment and entry of final judgment in favor of Appellee Jacksonville Chiropractic, Inc. a/a/o Marie St. Hilaire pursuant to Florida Rule of Civil Procedure 1.510(f). We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b). We reverse the final judgment in favor of Jacksonville Chiropractic and remand with instructions to grant Star Casualty's motion for summary judgment and enter judgment in its favor, concluding the county judge erred in her interpretation of the pertinent insurance policy exclusion provision. Further, in light of our decision, we reverse the subsequent judgment awarding attorneys' fees and costs to Jacksonville Chiropractic.[1]

I.

In 2012, Marie and Fritzner St. Hilaire, who resided together as husband and wife, obtained automobile insurance from Star Casualty. As required by Florida law, the policy provided $10,000 in PIP coverage. A 2007 Ford Taurus owned by and legally titled to Fritzner St. Hilaire individually was originally identified as an insured motor vehicle on the policy's Declarations Page.

Thereafter, more than 15 months later in July 2013, and after two policy renewals with no changes, the St. Hilaires' insurance broker submitted a change request removing the Ford Taurus from the Star Casualty auto insurance policy. When the policy again renewed approximately three months later, the Ford Taurus was not shown as an insured motor vehicle, having been replaced by a Mercury Villager. This remained the case until Star Casualty received a request to add the Ford Taurus to the policy in January 2014, after which a new Declarations Page was issued identifying the Ford Taurus as an insured motor vehicle.

Just a month *prior* to the Taurus being added again to the policy, in December 2013, Marie St. Hilaire was in a car accident while a passenger in the Ford Taurus owned by her husband. She

---

[1] We consolidated case no. 5D2024-1148 with case no. 5D2024-2588, an appeal by Star Casualty from a subsequent judgment awarding attorneys' fees and costs.

sought treatment for injuries at Jacksonville Chiropractic. When Jacksonville Chiropractic submitted its bill for services, Star Casualty denied coverage and payment of PIP benefits, asserting that the Ford Taurus was not listed as an insured motor vehicle at the time of the accident and that Marie St. Hilaire's resident husband's ownership of the Ford Taurus barred coverage.

At all material times, Star Casualty's insurance policy issued to the St. Hilaires expressly provided the following exclusion:

> COVERAGE WILL NOT BE AFFORDED UNDER THIS PART FOR ANY OF THE EXCLUSIONS LISTED BELOW.
>
> This insurance does not apply: 1. To **you** or a **relative** while **occupying** a **motor vehicle owned** by **you** and which is not an **insured motor vehicle** under this policy;

The insurance policy also set forth certain definitions:

> "**Insured motor vehicle**" means a:
> a. **motor vehicle**:
> i. which **you** own; and
> ii. with respect for which security is required to be maintained under the Florida Motor Vehicle No-Fault Law; and
> iii. for which a premium is charged as shown on the **Declarations Page** . . . .
>
> . . . .
>
> 6. "**Owner**" means a person or organization who holds the legal title to a motor vehicle . . . .
>
> . . . .
>
> 10. "**You**" and "**your**" means the person named and identified on the Declarations Page as the operator insured. If an individual, "**you**" and "**your**" shall include the spouse if a resident of the same household.

3

As a result, Jacksonville Chiropractic, as assignee of Marie St. Hilaire, filed suit against Star Casualty alleging breach of contract. Ultimately, Star Casualty moved for summary judgment, arguing that because Fritzner St. Hilaire was the title owner of the unlisted Ford Taurus at the time of the subject accident, and Marie St. Hilaire resided with him as spouse, the policy excluded the Ford Taurus from coverage and PIP benefits were properly denied. Jacksonville Chiropractic opposed the motion on numerous grounds, including: (1) since Marie St. Hilaire did not legally own the Taurus jointly with her husband, the exclusion provision did not apply; and (2) there was no evidence that the husband intentionally removed the Ford Taurus from coverage.

Following hearing, the trial court denied Star Casualty's motion for summary judgment and concluded, consistent with Jacksonville Chiropractic's argument, that the coverage exclusion did not apply because Marie St. Hilaire was not an owner of the Ford Taurus, either individually or jointly with her husband. The trial court also noted that Fritzner St. Hilaire disputed that he ever requested that the Ford Taurus be removed from the insurance policy and that Star Casualty "has failed to present any evidence that Fritzner St. Hilaire removed the 2007 Ford Taurus from the policy, let alone that he intentionally removed the 2007 Ford from the policy as asserted by [Star Casualty] in their affirmative defense."[2]

As a result of this ruling, Jacksonville Chiropractic then moved for entry of final judgment under Florida Rule of Civil Procedure 1.510(f). In reliance on its prior findings, the trial court granted Jacksonville Chiropractic's motion:

> [I]t is undisputed that . . . Marie St. Hilaire was a
> passenger in the 2007 Ford Taurus owned solely by

[2] The trial judge's order denying summary judgment also denied Star Casualty's motion for sanctions. Because Star Casualty does not challenge that ruling in its initial brief, however, any argument as to sanctions is waived. *See Hurley v. Veon*, 390 So. 3d 733, 743 (Fla. 5th DCA 2024).

4

Fritzner St. Hilaire and she treated with Jacksonville Chiropractic, Inc. for injuries sustained in the accident. Based on [Star Casualty's] policy language, Marie St. Hilaire is not excluded from coverage under the subject policy for the December 5, 2013 motor vehicle accident.

This appeal followed.

## II.

We review de novo a trial court's ruling on a motion for summary judgment, *see Williams v. Weaver*, 381 So. 3d 1260, 1264 (Fla. 5th DCA 2024), as we do its interpretation of a contract, *see Whitley v. Royal Trails Prop. Owners' Ass'n*, 910 So. 2d 381, 383 (Fla. 5th DCA 2005). Of course, a party is entitled to summary judgment if that party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). "[A] genuine dispute occurs when the evidence would allow a reasonable jury to return a verdict for [the non-moving] party." *Jackson v. Fla. Dep't of Transp.*, 422 So. 3d 586, 589 (Fla. 5th DCA 2025) (alteration in original) (citations omitted).

## A.

Florida law requires that automobile insurance policies provide personal injury protection coverage "to the named insured, relatives residing in the same household . . . , persons operating the insured motor vehicle, passengers in the motor vehicle, and other persons struck by the motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle." § 627.736(1), Fla. Stat. (2013). However, the law provides an exception to this requirement for, *inter alia*, "injury sustained by the named insured and relatives residing in the same household while occupying another motor vehicle owned by the named insured and not insured under the policy." § 627.736(2)(a), Fla. Stat.

Consistent with this statute, Star Casualty provided automobile insurance to the St. Hilaires for the vehicles identified in the Declarations Page. The policy covered automobiles "which

5

you own[] and . . . for which a premium is charged as shown on the Declarations Page." The policy also contained a coverage exclusion. "This insurance does not apply: 1. To **you** or a **relative** while **occupying** a **motor vehicle owned** by **you** and which is not an **insured motor vehicle** under this policy." "You" is defined in the policy as "the person named and identified on the Declarations Page as the operator insured. If an individual, 'you' and 'your' *shall include the spouse if a resident of the same household.*

B.

Star Casualty argues the trial court misconstrued the insurance policy's exclusion provision by concluding that it did not apply because Marie St. Hilaire was not the legal title owner of the Taurus, either individually or jointly with her husband. Jacksonville Chiropractic concedes the error—and rightly so.

Florida law defines both the scope of PIP coverage and the permissible exclusions under section 627.736(2). As a result, Florida courts interpret automobile insurance policies against this statutory backdrop. And here, the exclusion provision substantially tracks the language of the exclusion permitted in Florida Statutes. *See* § 627.736(2)(a), Fla. Stat.

As with any other contract or legal text, the language of the insurance policy controls. *See State Farm Mut. Auto. Ins. Co. v. Menendez*, 70 So. 3d 566, 569 (Fla. 2011). "When the language of an insurance policy is clear and unambiguous it must be accorded its natural meaning . . . [and] given full effect." *Dixie Ins. Co. v. Beaudette*, 474 So. 2d 1264, 1265 (Fla. 5th DCA 1985) (citation omitted).

Star Casualty's insurance policy issued to the St. Hilaires plainly provides that it will cover vehicles owned by Marie St. Hilaire or Fritzner St. Hilaire and for which they paid for coverage, as shown on the policy's Declarations Page. However, the policy also provides that coverage will not apply when they are "occupying a motor vehicle owned by you and which is not an insured motor vehicle under this policy." And the term "you" is expressly defined in the contract as "the person named and identified on the Declarations Page as the operator insured[,] . . . includ[ing] the spouse if a resident of the same household."

6

The facts presented here fall squarely within the policy's exclusion provision. The Declarations Page shows both Fritzner and Marie St. Hilaire as named insureds. Marie St. Hilaire alleges she was injured in an accident while a passenger in the 2007 Ford Taurus legally owned solely by her husband Fritzner St. Hilaire, with whom she resided. Though this vehicle was listed as an insured motor vehicle at the time the St. Hilaires originally obtained the subject insurance from Star Casualty, at the time of the accident, the Taurus was no longer included in the Declarations Page as covered. As a result, because the Taurus was owned by Fritzner, and Marie was his wife who resided with him, she falls within the defined term "You" within the exclusion provision, such that the exclusion is triggered. *See id.* ("The automobile [the wife] was driving at the time of the accident was not covered because it was neither a vehicle shown in the declarations nor did it qualify as a temporary substitute vehicle since it was owned by the insured's spouse. Therefore, Dixie's policy did not provide coverage in the instant case." (first citing *Boyd v. U.S. Fid. & Guar. Co.,* 256 So. 2d 1 (Fla. 1971); then citing *Fid. & Cas. Co. of N.Y. v. Fonseca,* 358 So. 2d 569 (Fla. 3d DCA 1978), *cert. denied,* 365 So. 2d 711 (Fla. 1978)); *see also Giarrusso v. Amica Mut. Ins.,* 564 So. 2d 160, 161 (Fla. 4th DCA 1990) ("Appellant is the resident spouse of the named insured; he was driving a vehicle owned by him but not listed as a covered auto in the declarations of the policy. Therefore[,] the exclusion applies.").

## C.

Notwithstanding the conceded error, Jacksonville Chiropractic argues that judgment in its favor should still be affirmed because Star Casualty failed to demonstrate that Fritzner St. Hilaire intentionally removed the Ford Taurus from his insurance policy. This argument fails.

Section 627.736(2)(a) permits exclusion of PIP benefits when an insured or relatives residing in the same house sustain injuries "while occupying another motor vehicle owned by the named insured and not insured under the policy." § 627.736(2)(a), Fla. Stat. The functional purpose of an exclusion provision is to avoid two or more vehicles within a household being covered by the payment of a premium for a single automobile, thereby requiring

7

an insurance company to provide coverage for risks when no premium was collected therefor. *See Fonseca*, 358 So. 2d at 575 ("If inclusion of both spouses under the definition 'named insured' were not given its plain meaning, two or more vehicles could be covered by payment of a single premium and the insurer would not only assume risks for which it was uncompensated, but also lose additional premiums it might otherwise receive.").

To that end, all that is contemplated by the insurance policy before us is that Star Casualty is bound to provide coverage for an "insured motor vehicle" that is owned by a named insured and "for which a premium is charged as shown on the Declarations Page." There simply is nothing within the insurance policy, or section 627.736(2)(a), that imposes a requirement that Star Casualty demonstrate the St. Hilaires intentionally removed the Ford Taurus from the policy before the policy's exclusion provision is triggered. It is enough that the Ford Taurus in which Marie St. Hilaire was a passenger was owned by her husband with whom she resided, was not listed on the Declarations Page, and that no premium was charged for such coverage.

As a result, the final judgment in favor of Jacksonville Chiropractic entered by the trial court pursuant to Rule 1.510(f) was error. Further, denial of Star Casualty's motion for summary judgment, too, was error. There simply is no genuine dispute of a material fact, and Star Casualty is entitled to judgment as a matter of law.

## III.

Accordingly, because the trial court erred in its interpretation of the insurance policy's exclusion provision and in its determination that Star Casualty was required to prove the St. Hilaires intentionally removed the Ford Taurus from the insurance policy before the exclusion was triggered, we REVERSE the final summary judgment in favor of Jacksonville Chiropractic, Inc., and REMAND the case to the Duval County Court with the instruction to grant Star Casualty's motion for summary judgment and for further proceedings as may be required consistent with this opinion.

Further, because of our decision here, we also REVERSE the subsequent judgment awarding attorneys' fees and costs to Jacksonville Chiropractic, Inc., which is the subject of the appeal in case no. 5D2024-2588.[3] *See GEICO Gen. Ins. v. Tsao*, 406 So. 3d 1121, 1122 (Fla. 5th DCA 2025) ("Because we reversed the final judgment, we must reverse the trial court's order awarding attorney's fees . . . ."); *see also GEICO Indem. Co. v. Perez*, 273 So. 3d 1131, 1132 (Fla. 3d DCA 2019) ("[T]his Court reversed the underlying final judgment . . . . Therefore, the attorney's fees and costs judgments that were predicated on the reversed final judgment cannot stand.").

It is so ordered.

LAMBERT and HARRIS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

---

[3] *See* n.1, *supra.*

9